UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BRIAN RECORD, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CAUSE NO.: 1:04-CV-431-TS |
| ) | |
| CECIL DAVIS, ) | |
| ) | |
| Respondent ) | |

**OPINION AND ORDER**

*Pro se* petitioner, Brian Record, an inmate at the Maximum Control Complex in Westville, Indiana, was caught with a cell phone charger in his cell and charged with unauthorized possession of state property. The CAB found Record guilty of the charge. Record petitioned this Court for relief under 28 U.S.C. § 2254. The Motion to Dismiss [DE 10] filed on behalf of the Respondent by the Attorney General of Indiana on May 19, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its Motion to Dismiss, the Attorney General of Indiana has submitted the administrative record including documents designated A through G, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding. The Petitioner did not file a traverse.

**RELEVANT FACTS**

On December 28, 2002, Officer Taylor found unauthorized material in Record's property. Officer Taylor prepared a conduct report charging Record with unauthorized possession of state property, a Class B offense. (Exhibit A.) On December 30, 2002, Record was notified of the charges

against him. At the screening, Record requested a lay advocate, but no witnesses or evidence.

The CAB hearing was held on January 2, 2003. The CAB found Record guilty of the charge. (Exhibit E.) Record's finding of guilt was based on the staff reports. The sanction imposed was a written reprimand, one month loss of commissary privileges, and 60 day earned credit time loss. Record did not appeal to the facility head or to the final reviewing authority.

## DISCUSSION

The Respondent argues that Record is not entitled to a writ of habeas corpus because he failed to appeal to the facility head or the final reviewing authority. Record did not file a traverse and therefore does not dispute that he did not appeal. There is no record that the final appeal was ever filed. Under *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992) and *Ping v. McBride*, 888 F. Supp. 917 (N.D. Ind. 1993), as a prerequisite to seeking relief under § 2254, all available state remedies must be exhausted. Because Record failed to do so in a timely manner, he has procedurally defaulted his claims in this Court.

## CONCLUSION

For the foregoing reasons, the Respondent's Motion to Dismiss [DE 10] is **GRANTED** and Record's Petition for relief under 28 U.S.C. § 2254 is **DENIED.**

SO ORDERED on August 11, 2005.

 s/ Theresa L. Springmann
 THERESA L. SPRINGMANN
 UNITED STATES DISTRICT COURT